USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 2 0 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

EDWARD TIMBERLAKE,

    Petitioner,

-v-

No. 04 Civ. 2846 (LTS)(FM)

JUSTIN TAYLOR, Superintendent,
Gouverneur Correctional Facility,

    Respondent.

-------------------------------------------------------x

### MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION

On November 20, 2006, Magistrate Judge Frank Maas issued a Report and Recommendation ("Report") recommending that Petitioner Edward Timberlake's ("Petitioner") habeas corpus petition be denied. (Docket Entries Nos. 12, 13.) Timely objections to the Report were received from Petitioner, and Respondent filed a response to Petitioner's objections, without making any objections of its own. The Court has reviewed thoroughly all of these submissions.

When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West Supp. 2006). The court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees

Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994). Objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate judge's proposal. Camardo, 806 F. Supp. at 381-82.

The Court has considered thoroughly Petitioner's objections, and has considered de novo all of the points raised. Familiarity with the trial court proceedings and transcript excerpts provided by the parties, as well as the contents of the Report itself, is presumed. For the following reasons, the Court adopts Judge Eaton's recommended conclusion and denies Petitioner's habeas corpus petition.

Petitioner's objections assert that the Report erred as follows: 1) the Report held that the state trial court "arguably," rather than "clearly," violated the Confrontation Clause of the Sixth Amendment; 2) the Report failed to recognize that the state appellate court explicitly conducted the test for harmless error review as set forth in Chapman v. California, 386 U.S. 18 (1967), and that, as a result, the Report was obligated to evaluate whether the state appellate court unreasonably applied Chapman; and 3) the Report, in effect, applied the standard for harmless error review as set forth in Brecht v. Abrahamson, 507 U.S. 619 (1993), rather than the standard articulated in Chapman, even though the Report claimed to be applying the Chapman standard.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, in relevant part, that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .

28 U.S.C.A. § 2254 (West 2006). As the Supreme Court has explained, "[a] federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." Bell v. Cone, 535 U.S. 685, 694 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). "The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case." Id. (citing Williams, 529 U.S. at 407-08).

The Court need not resolve the specific question framed by Petitioner, that is, whether the Report erred in merely holding that the state trial court "arguably" rather than "clearly" violated the Sixth Amendment, because the Court finds in any case on de novo review that the state appellate court's affirmation of the trial court's evidentiary admission of the nontestifying co-defendant's confession was both contrary to, and an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.

In Bruton v. United States, 391 U.S. 123 (1968), the Supreme Court "held that a defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant." Richardson v. Marsh, 481 U.S. 200, 201-02 (1987) (citing Bruton). In Gray v. Maryland, 523 U.S. 185 (1998), the Supreme Court further held, in a case where references to the defendant in a nontestifying codefendant's confession were redacted with a blank space set off by commas or the word "deleted," that "[r]edactions that simply replace a name with an obvious blank space or a word such as 'deleted' or a symbol or other similarly obvious indications of alteration . . . leave statements that, considered

as a class, so closely resemble Bruton's unredacted statements that, in our view, the law must require the same result." Gray, 523 U.S. at 192.

The facts in this case are materially indistinguishable from the facts in Gray. In Gray, the nontestifying codefendant had given a confession implicating the defendant and a third party. The confession was redacted and admitted into evidence, but the redactions were clearly visible. Whenever the defendant or the third party's name appeared, a visible blank space separated by commas was inserted instead, and the Supreme Court found that the admission of that redacted confession was unconstitutional. Gray, 523 U.S. at 188. Similarly, in this case, Petitioner's codefendant did not testify at the trial, and two of the codefendant's confessions, the second of which repeatedly implicated Petitioner in the charged offenses, were admitted into evidence. The references to Petitioner in the second confession were redacted and replaced with words like "a guy" or "another guy," but, as in Gray, these redactions clearly indicated alteration.[1] Notwithstanding the obvious redactions, the state trial court, the state appellate court, and Respondent, in support of their assertion that the admission was constitutional, all rely primarily on the fact that during the course of trial, it was apparent that other individuals (not on trial with Petitioner and his codefendant) were also involved in the charged offenses, in which case the visible redactions could have referred to those individuals rather than Petitioner. However, this aspect of the case is also materially

---

[1] As seen in the reproduction of the redacted confession provided by Petitioner, the redaction phrases were written in all caps, while the rest of the confession was not, the redaction phrases were visibly smaller, in different handwriting, and in visibly lighter ink. (See Pet.'s App. at 181-82.) These redactions were similar in style to the redactions made in other confessions admitted at the trial (see id. at 180), and the trial judge repeatedly instructed the jury to ignore the obvious editing when the other redacted confessions were read in open court. (See, e.g., Tr. at 740 ("both during the reading of the statement and when you see it physically yourselves, you will notice that the written statement . . . has certain deletions and additions of words or phrases.").)

indistinguishable from the facts in Gray. As noted above, the redactions in Gray also referred to individuals other than the defendant, and the prosecution's case also implicated numerous other individuals not on trial. See Gray, 523 U.S. at 189 ("The State produced other witnesses, who said that six persons . . . participated in the beating"). Moreover, Respondent's suggestion that Bruton does not apply when the redactions could have reasonably referred to others known to the jury was explicitly rejected in Gray:

> In some instances the person to whom the blank refers may not be clear: . . . the reference might not be transparent in other cases in which a confession . . . uses two (or more) blanks, even though only one other defendant appears at trial, and in which the trial indicates that there are more participants than the confession has named. Nonetheless, as we have said, we believe that, considered as a class, redactions that replace a proper name with an obvious blank, the word "delete," a symbol, or similarly notify the jury that a name has been deleted are similar enough to Bruton's unredacted confessions as to warrant the same legal result.

Gray, 523 U.S. at 194-95. The redactions in this case were plainly sufficient to notify the jury that a name was deleted. For the above reasons, in addition to the reasons set forth in the Report, the Court finds that the New York Appellate Division's determination, that use of the redacted confession did not violate Petitioner's right to confrontation, was both contrary to, and an unreasonable application of, clearly established Supreme Court law.

The Court must now consider whether this federal constitutional error was harmless. Both Petitioner's second and third objections argue that the Report applied an incorrect standard for harmless error review. Following the issuance of the Report and the briefing of the objections, the Supreme Court, in Fry v. Pliler, 127 S. Ct. 2321 (2007), made clear what standard should be applied in federal habeas review. Fry holds that, in conducting harmless error review in habeas cases, federal courts "must assess the prejudicial impact of constitutional error in a state-court criminal trial under the 'substantial injurious effect' standard set forth in Brecht, whether or not the state appellate court recognized the error and reviewed it for harmlessness under the 'harmless beyond a reasonable

doubt' standard set forth in Chapman." Fry, 127 S. Ct. at 2328 (citations omitted). Therefore, the Court rejects Petitioner's second objection because its central premise is that whether the state appellate court clearly applied Chapman is legally relevant in determining the federal habeas court's standard of harmless error review, a proposition that Fry explicitly rejects. The Court also rejects Petitioner's third objection because, even if Petitioner is correct that the Report actually applied Brecht under the guise of applying Chapman, Fry holds that Brecht is, in fact, the correct standard to apply.

Brecht instructs that, in deciding the harmlessness of federal constitutional error, the federal habeas court must determine whether the error had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 638. The Court finds, for substantially the reasons set forth in the Report's discussion of the prosecution's case (Report at 23-24), that the codefendant's redacted references to Petitioner in the second confession did not have a substantial and injurious effect or influence in determining the jury's verdict. Therefore, the state trial court's constitutional error was harmless for purposes of federal habeas review and the petition for a writ of habeas corpus will be denied.

## CONCLUSION

For the foregoing reasons, the Court accepts the Report's recommendation that Petitioner's petition for a writ of habeas corpus be denied. The Court also accepts the Report's

recommended finding that Petitioner has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability will not issue.

The Clerk of Court is respectfully requested to enter judgment denying the petition and close this case.

SO ORDERED.

Dated: New York, New York
March 20, 2008

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge